UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00236-MOC

| | |
|---|---|
| **JERRY VIRGINIA SANDERS,** | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| **CAROLYN W. COLVIN,** | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on the parties' consent Motion for Fees under the Equal Access to Justice Act (#14), which was captioned "Joint Stipulation for EAJA Fees."[1] The court enters the following Order, pursuant to its authority to award fees to a prevailing party, other than the United States, incurred by that party in a civil action against the United States under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), and in light of this court's Order and the Clerk's Judgment (#14) remanding this case to the defendant for further proceedings.

**ORDER**

**IT IS HEREBY ORDERED** that the Consent Motion for Fees under the Equal Access to Justice Act (#14) is **GRANTED**, the United States Social Security Administration shall pay a total of $6,384.00, including a consented attorney's fee of $5,984.00 and the $400 filing fee, in full satisfaction of any and all attorney's fee claims plaintiff may have in this case under EAJA.

---

[1] The parties are reminded that any request for court action must be in the form of a "Motion," LCvR 7.1, as ECF does not track a "Stipulation."

Pursuant to the United States Supreme Court's ruling in <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521 (2010), the attorney's fees ordered herein are payable to plaintiff as the prevailing party, and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt plaintiff may owe to the government. If, subsequent to the entry of the Court's EAJA Order, the Commissioner determines that Plaintiff owes no debt to the government that would subject this award of attorney fees to offset, the Commissioner may honor Plaintiff's signed assignment of EAJA fees providing for payment of the subject fees to Plaintiff's counsel, rather than to Plaintiff. If, however, the Commissioner discovers that Plaintiff owes the government any debt subject to offset, the Commissioner shall pay any attorney fees remaining after such offset to plaintiff, rather than to counsel.

The $400 filing fee shall be paid out of the Department of the Treasury's Judgment Fund as a cost.

Signed: January 19, 2017

Max O. Cogburn Jr
United States District Judge